**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | |
| LYNNE RANAE BEAVER, and ) | Case No. 04-50448-JWV |
| THOMAS LEE BEAVER ) | |
| ) | |
| Debtors. ) | |
| ) | |
| LYNNE RAYAE BEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Adversary No. 04-5013-JWV |
| ) | |
| ROD PAIGE, SECRETARY OF THE ) | |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on a motion for summary judgment filed by the defendant, the United States Department of Education (the "Department"), on Lynne Ranae Beaver's ("Lynne") complaint to discharge her student loan debts under 11 U.S.C. § 523(a)(8) on the basis that repayment of those debts would constitute an undue hardship. The Department asserts that Lynne has the option to continue to repay her student loans through the Department's Income Contingent Repayment Plan ("ICRP"), which is sensitive to her financial circumstances; thus, the Department argues, repayment of Lynne's student loans is not an undue hardship on her and therefore her complaint should be dismissed.

Based on the uncontested facts, the parties' arguments and the relevant case law, the Court will deny the Department's motion for summary judgment.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate when the matters presented to the Court "show that there is

no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L .Ed. 2d 265 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161, 90 S. Ct. 1598, 1611, 26 L. Ed. 2d 142 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 89 L. Ed. 2d 538 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## II. BACKGROUND

As of June 14, 2004, the Department asserts that Lynne owes $22,233.86 on her student loan obligations, incurred for a one-year course in travel and tourism and on-the-job training to become a licensed certified nurse assistant. Lynne and her husband, Thomas Lee Beaver ("Thomas")[1] (collectively the "Debtors") have four children, ages 14, 16, 16, and 18. In addition, Thomas has $300.00 per month deducted from his paycheck for child support. Lynne works as a certified nurse assistant for LaVerna Village Nursing Home, and Thomas performs maintenance for LaVerna Heights Retirement Center. The Debtors' combined monthly gross income is $1,771.00, and Lynne receives child support in the amount of $341.00 per month. After payroll deductions, Lynne and Thomas have a combined net monthly income of $1,468.00. In Schedule J, the Debtors list their monthly expenses as being $1,405.00, which does not include any monthly payments on Lynne's student loans. Even omitting the child that is eighteen years of age, the Department calculates that the Debtors live below

---

[1] Lynne incurred her student loan obligations before she married Thomas.

the Department of Health and Human Services's poverty guidelines.[2]

In addition, the Debtors assert that their family only has the use of one automobile, owned by a grandmother, and that Thomas is ineligible to drive for the next ten years because his driving privileges were revoked by the Missouri Department of Revenue. Lynne is now forty years of age, and apart from her current job as a certified nurse assistant, Lynne only has experience as a waitress, bartender, and for four months in 2000, Lynne was a seasonal tax return preparer. Lynne's student loans have been in repayment since 1992, with payments mostly being made from the Department's interception of Lynne's federal tax refunds, which largely served to reduce the amount of accrued interest without any significant reduction of the principal amount of the debt.

### III. DISCUSSION

The Department argues that Lynne cannot suffer any undue hardship sufficient to discharge her student loans on the basis that the Department's ICRP takes the Debtors' total financial circumstances into consideration – as compared to the Department of Health and Human Services's poverty guidelines – to calculate a monthly payment that allows the Debtors to maintain a minimal standard of living. After twenty-five years in the ICRP program, Lynne's student loan obligations would be discharged by the Department. In fact, the Department contends that if Lynne were currently in the ICRP then her student loan payments would be zero, but if Lynne's standard of living exceeded the Department of Health and Human Services's poverty guidelines over the next twenty-five years, then the Department would demand twenty percent of that excess.

A determination of undue hardship is a factual determination based on the particular circumstances of a debtor at the time the debtor receives a discharge. *Bender v. Education Credit Management Corp. (In re Bender)*, 368 F.3d 846, 848 (8th Cir. 2004) (stating that "'[u]ndue hardship' is an inherently discretionary determination ... bankruptcy courts must consider the totality of the circumstances .... [T]he factual question is whether there is undue hardship at the time of discharge...."). In making a determination of undue hardship, a court must consider the "totality of the circumstances" by synthesizing: "(1) the debtor's past, present, and reasonably reliable future financial

---

[2] The Debtors contest that their eighteen-year-old child should be excluded from consideration of the Debtors' costs of living because that child is economically dependent on the Debtors.

resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case." *Long v. Educational Credit Management Corp. (In re Long)*, 322 F.3d 549, 554 (8th Cir. 2003). "Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt – while still allowing for a minimal standard of living – then the debt should not be discharged." *Id.* at 554-55. The burden is on the debtor to show undue hardship by a preponderance of the evidence. *Ford v. Student Loan Guarantee Foundation of Arkansas (In re Ford)*, 269 B.R. 673, 675 (B.A.P. 8th Cir. 2001). When examining a debtor's financial prospects for repaying a student loan, courts have considered numerous factors, including:

> (1) total present and future incapacity to pay debts for reasons not within the control of the debtor; (2) whether the debtor has made a good faith effort to negotiate a deferment or forbearance of payment; (3) whether the hardship will be long-term; (4) whether the debtor has made payments on the student loan; (5) whether there is permanent or long-term disability of the debtor; (6) the ability of the debtor to obtain gainful employment in the area of ... study; (7) whether the debtor has made a good faith effort to maximize income and minimize expenses; (8) whether the dominant purpose of the bankruptcy petition was to discharge the student loan; and (9) the ratio of student loan debt to total indebtedness.

*Fahrer v. Sallie Mae Servicing Corp., (In re Fahrer)*, 308 B.R. 27, 32 (Bankr. W. D. Mo. 2004).

In this case, the Department urges the Court to accept the Secretary of Education's use of the Health and Human Services's poverty guidelines as establishing the basis for a minimal standard of living and then to accept that payments pursuant to the Department's ICRP do not infringe on a debtor's minimal standard of living because those payments will never be more than necessary to keep a debtor from falling below the poverty level. In effect, the Department argues that under the ICRP a debtor cannot suffer any undue hardship because the Department will ensure that a debtor always maintains a minimal standard of living while repaying student loans – at least as determined by the Department of Health and Human Services. Contrary to the Department's assertions, however, the ICRP is but one of many factors for a court to consider in making an undue hardship determination at the time of a debtor's discharge. For example, in addition to the abovementioned factors, a court may also consider the age of the debtor, the tax ramifications of a potentially significant discharge of indebtedness twenty-five years later, and the psychological and emotional impact of having continual liability for repayment over an extended period of time. *Id*. at 35-36.

Here, the Department only considers the fact that Lynne is eligible for the ICRP, that the

Debtors are both employed and have the ability to work, and that they have not alleged any unique or exceptional circumstances, such as a serious illness. On the other hand, the Department admits that the Debtors are currently living below the poverty level as determined by the Department of Health and Human Services.

The Debtors contend that Thomas's employment opportunities are curtailed by the fact that he is not eligible to operate a motor vehicle, and the employment history of Lynne does not indicate any reasonable expectation that her income will increase in the years to come. According to Schedule I – even with a relatively large family – the Debtors only spend $1,405.00 per month and its is unlikely that the Debtors could significantly reduce their monthly expenditures. Other factors mitigating against excepting Lynne's student loans from discharge are the fact that the Debtors do not own an automobile, Lynne has gained employment in one of her areas of study, Lynne has made some payments on her student loans over the past ten years – even if involuntarily – and the primary purpose of the Debtors' bankruptcy does not appear to be solely to discharge Lynne's student loan obligations. Although the Debtors scheduled Lynne's total student loan indebtedness as $26,920.00, which is more than twice the amount of the Debtor's other unsecured debts of $10,356.00, the Debtors did not have any realistic expectation of paying any creditor before filing for bankruptcy.

### III. CONCLUSION

In short, adversary proceedings seeking to discharge student loan indebtedness under 11 U.S.C. § 523(a)(8) are particularly ill-suited for summary judgment motions. The question of fact on whether a debtor suffers from an undue hardship at the time of discharge is generally put into contention by the complaint itself, and the myriad factors a court must take into consideration necessarily entail testimony, evidence, and findings by the court on contested issues of fact. If the Court is to believe the evidence of the non-movant in opposition to summary judgment, and if all that is required to defeat a motion for summary judgment is a genuine issue of material fact, then rarely will summary judgment be appropriate on an issue requiring such an intensive factual inquiry. In this case, the Debtors' currently live below the poverty level and based on their particular circumstances, as elicited in the Debtors' opposition to summary judgment, genuine issues of material fact exist over whether repayment of the Debtors' student loans would be an undue hardship notwithstanding the Department's ICRP. Accordingly, the Department's motion for summary judgment will be denied.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

**ENTERED** this 11th day of August 2004.

>/s/ Jerry W. Venters
>HONORABLE JERRY W. VENTERS
>UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was sent
electronically or conventionally to
Jere L. Loyd
E. Eugene Harrison