IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | | |
| Lynne Ranae Beaver and | ) | | |
| Thomas Lee Beaver    Debtors | ) | Case No. 04-50448 | |
| _____ | ) | | |
| | ) | | |
| Lynne Ranae Beaver    Plaintiff | ) | | |
| | ) | | |
| Rod Paige, Secretary | ) | | |
| United States Department of | ) | | |
| Education    Defendant | ) | Adv. No. 04-5013 | |
| _____ | ) | | |

**MEMORANDUM OPINION**

This adversary proceeding comes before the Court on August 19, 2004, on a Complaint by Lynne Ranae Beaver ("Lynne") to discharge her consolidated student loan debts under 11 U.S.C. § 523(a)(8) on the basis that repayment of those debts would constitute an undue hardship.  This is a core proceeding of which this Court has jurisdiction under 28 U.S.C. § 1334(b) and which it may hear and determine under 28 U.S.C. §§ 157(a), 157(b)(1) and 157(b)(2)(I).  The following constitutes my Findings of Fact and Conclusions of Law under Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7502 of the Federal Rules of Bankruptcy Procedure.  For the reasons set forth below, I find that the Debtor has satisfied her burden of proving that repayment of the debt owed to Defendant would impose an undue hardship upon her and is therefore not excepted from discharge under § 523(a)(8).

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Lynne Ranae Beaver, applied for and received between July 12, 1991, and September 1, 1992, various federally insured student loans, some of which were later

consolidated, whose aggregate unpaid balance, as of June 14, 2004, was $22,233.86[1].

Plaintiff married her current husband, Thomas Lee Beaver on October 19, 2003.   Mr. Beaver was never liable for the student loan, and therefore has no debt to the Secretary to be discharged.

Lynne and Thomas Beaver filed their petition for relief under Chapter 7 of the Bankruptcy Code on or about April 8, 2004.

Schedule I of Debtors' bankruptcy petition discloses that Lynne and Tom Beaver have a combined monthly adjusted gross income of $1,467.68, and that on an annual basis they earn $17,612.16.

Schedule I shows a family of six; husband and wife and four children, the oldest of which is 18 years of age and now attending a college in Texas with minimal financial assistance from Lynne and Tom.

HHS Poverty Guidelines for a family of five in 2004 is $22,030.00.

Tom Beaver has been working at the LaVerna Heights, a residence for the Sisters of St. Francis, in Savannah, Missouri for two years in building maintenance.

Lynne Beaver has been working at LaVerna Village, a nursing home operated by the Sisters of St. Francis, in Savannah, Missouri, for 18 months as a certified nurse's aide, as a result of a one month course provided by the employer that resulted in licensure as a certified nurse's aide (CNA).

Lynne and Tom have received a discharge of their dischargeable debts on July 15, 2004.

Lynne drives a decade-ole automobile owned by her grandmother.   Tom's driving

---

[1] Defendant's Ex. 1 and Defendant's Ex. 2, Certificate of Indebtedness, U.S. Department of Education, Jessica Liu, Loan Analyst, dated June 14, 2004.

privilege has been revoked for 10 years by the Missouri Department of Revenue as a result of previous alcohol-related traffic offenses.

Lynne obtained the student loan in 1990 or 1991, and the loan has been in repayment status since 1992. Most payments have been in the form of federal income tax refund intercepts. The balance of the loans have increased due to accrual interest from about $12,000 to about $22,233.86.

Lynne is 40 years of age. Lynne's education consists of: (a) one year course in travel and tourism and ticketing/marketing, at Northwest Community College, a proprietary school that is no longer in business; and (b) on the job training for certified nursing aide (CNA) licensing. The student loan debt was incurred in connection with the course in travel and tourism and ticketing/marketing. Lynne has never found employment in travel and tourism, such as employment at a travel agency or as a ticket agent for a commercial air carrier.

Lynne's work history includes:

(a) LaVerna Village nursing home, since January, 2001.

(b) A & G Steakhouse, Savannah, Missouri (waitress) 4 months in 2000.

(c) H & R Block, Savannah, Missouri (seasonal tax return preparer) 4 months in 2000.

(d) 36th Street Food & Drink, St. Joseph, Missouri (waitress) 2 years in 1999-2000.

(e) Nick's Restaurant, Tallahassee, Florida (waitress) 2-1/2 years 1997-1999.

(f) Market Square, a restaurant, in Tallahassee, Florida (waitress) 1-1/2 years (1996-97).

(g) Nick's Restaurant, Tallahassee, Florida (waitress) 2 years 1993-1995.

3

Lynne's job skills are, therefore: bartender, waitress, seasonal individual income tax return preparer and certified nurses' aide.

Lynne currently earns monthly net income from her employment of $710.68, and receives child support of $341 per month, or $1,051.68. Tom earns $826 per month, and after withholding of $100 in payroll deductions and $300 in child support for his children who do not live in the debtors' home, brings home $416 per month. Household net income is $1,467.68 per month.

Lynne and Tom have joint, reasonably necessary living expenses of $1,405.00 per month. They live in a $9,000 unencumbered house in a rural community and commute 30 miles each way to their place of employment.

## II. DISCUSSION

### A. Applicable Legal Principles

Under § 523(a)(8), certain student loans are nondischargeable unless repayment of the loan would impose an undue hardship on the debtor or her dependents. A determination of undue hardship is a factual determination based on the particular circumstances of a debtor at the time the debtor receives a discharge. *Bender v. Education Credit Management Corp. (In re Bender)*, 368 F.3d 846, 848 (8th Cir. 2004) (stating that "'[u]ndue hardship' is an inherently discretionary determination . . . bankruptcy courts must consider the "totality of the circumstances" by synthesizing: "(1) the debtor's past, present, and reasonably reliable future financial resources; (2) a calculation of the debtor's and her dependent's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case." *Long v. Educational Credit Management Corp. (In re Long)*, 322 F.3d 549, 554 (8th Cir. 2003). "Simply put, if the debtor's reasonable future financial resources will sufficiently cover payment of the student loan debt – while still allowing for a minimal standard of living – then the debt

4

should not be discharged." Id. At 554-55. The burden is on the debtor to show undue hardship by a preponderance of the evidence. *Ford v. Student Loan Guarantee Foundation of Arkansas (In re Ford)*, 269 B.R. 673, 675 (B.A.P. 8th Cir. 2001). When examining a debtor's financial prospects for repaying a student loan, courts have considered numerous factors, including:

> (1) total present and future incapacity to pay debts for reasons not within the control of the debtor; (2) whether the debtor has made a good faith effort to negotiate a deferment or forbearance of payment; (3) whether the hardship will be long-term; (4) whether the debtor has made payments on the student loan; (5) whether there is permanent or long-term disability of the debtor; (6) the ability of the debtor obtain gainful employment in the area of ... study; (7) whether the debtor has made a good faith effort to maximize income and minimize expenses; (8) whether the dominant purpose of the bankruptcy petition was to discharge the student loan; and (9) the ratio of student loan debt to total indebtedness.

*Fahrer v. Sallie Mae Servicing Corp. (In re Fahrer)*, 308 B.R. 27, 32 (Bankr. W. D. Mo. 2004).

### B. Analysis of the Totality of the Circumstances

#### 1. Debtor's Past, Current and Future Financial Resources

Lynne has been consistently employed and has consistently received support from her children's father. She has been working at employment that is consistent with her education and vocational training. Her opportunities for promotion or advancement in earnings at her present employment are doubtful. The physical demands on a nurse's aide, in light of previous physical injuries sustained by Lynne prior to undertaking employment in the nursing home, suggest that she may not be capable of continuing this employment until retirement. Lynne's job skills obtained almost 12 years ago for use in the travel and tourism industry have likely become obsolete so as to have no value in the job market. Her current job skills are not likely to be transferable to other types of employment.

#### 2. Debtor's Reasonable Necessary Living Expenses

At $1,400 per month for the debtors and the children living with them is minimal. That

5

sum, which does not include a mortgage payment or installment payment for an automobile, includes continuing, non-dischargeable fines being paid by Tom to Harrison and Buchanan Counties, Missouri. It is foreseeable that they will need to purchase an automobile in the future to continue their employment.

### 3. Other Unique Circumstances

The ability of Lynne and Tom to obtain higher compensation at other employment is complicated in part by their transportation dilemma resulting from Tom's revocation of his driving period for 10 years. This compels them to seek employment close to one another within a reasonable distance from their home.

### III. CONCLUSION AND ORDER

Nothing about Lynne's income or employment suggests that her financial situation is likely to materially improve, after considering (1) her past, present and reasonably reliable future financial resources; (2) a calculation of her and her dependents' reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding this case, including her lack of usable job skills, and a large number of dependents, and her good faith attempts to pay the debt in the repayment period to date.

Under the totality of the circumstances of this particular case, based on a preponderance of the evidence adduced by affidavit and the record, the Plaintiff's liability to the Defendant for the educational loan should be found to be dischargeable, as the opposite result would result in undue hardship. It is therefore

ORDERED that the Debtor is hereby granted a discharge of her indebtedness to the United States Department of Education under 11 U.S.C. § 523(a)(8).

This memorandum opinion constitutes the Court's findings of fact and conclusions of law.

A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

ENTERED this 13th day of September 2004.
at Kansas City, Missouri

/s/ Jerry W. Venters
Jerry W. Venters
United States Bankruptcy Judge

Parties to Receive Electronic Notice